[relates to Docket Item #13]

THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

MARGOT SCOTT,

    Plaintiff pro se,

  v.

ROWAN COUNTY DEPARTMENT OF
SOCIAL SERVICES, et al.,

    Defendants,

Civil Action
No. 06-6083 (JBS)

**MEMORANDUM OPINION**

**Simandle, District Judge:**

    This matter is before the Court on the motion of Defendant New Jersey Division of Youth and Family Services and Defendant New Jersey Department of Children and Families Interstate Services Unit to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(6) or for a more definite statement pursuant to Fed. R. Civ. P. 12(e). [Docket Item 13]. For the following reasons, the Court shall grant the motion for a more definite statement and deny the motion to dismiss:

    1. Plaintiff, acting pro se, filed this action in May 2007. Her Complaint made reference to an investigation and sought reinstatement of custody of some minor child or children and lifetime financial and medical support from Defendants Rowan County North Carolina and New Jersey Division of Youth and Family Services. Plaintiff also indicated that someone neglected and endangered the child or children who are also identified as

plaintiffs in this case.  No dates, names, locations of incidents or other information is provided to provide a general factual background of the nature of her dispute with Defendants.

    2.   Under Rule 12(e) of the Federal Rules of Civil Procedure:

> If a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement before interposing a responsive pleading. The motion shall point out the defects complained of and the details desired. If the motion is granted and the order of the court is not obeyed within 10 days after notice of the order or within such other time as the court may fix, the court may strike the pleading to which the motion was directed or make such order as it deems just.

    3.   In their motion for a more definite statement, Defendants have claimed the Complaint is so vague that they are unable to Answer.  Defendants point out that the Complaint does not refer to any dates or period of time, does not cite any act by any defendant for which Plaintiff is suing, does not cite the names of the children to whom she is referring or describe the nature of her relationship with them, does not indicate any specific wrongdoing or other basis for liability by the two moving defendants, New Jersey Division of Youth and Family Services and New Jersey Department of Children and Families Interstate Services Unit.  Defendants request an Order requiring that Plaintiff make her Complaint more concrete so that they can

be properly notified of the basic factual background giving rise to Plaintiff's grievance with them.

    4.   Indeed, Defendants appear to be requesting no more than Rule 8 already requires, which is "a short and plaint statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  This standard is not a demanding one. Rule 8(a) does not require fact pleading, only that the complaint "provide fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz v. Sorema, N.A., 534 U.S. 506, 512 (2002); In re Tower Air, Inc., 416 F.3d 229 (3d Cir.2005)("[A] plaintiff will not be thrown out of court on a Rule 12(b)(6) motion for lack of detailed facts."). Nevertheless, even that standard is not met by this bare-bones Complaint.  The Court is unable to ascertain who the parties are, their relationship to one another, or the alleged basis for the relief sought.  Thus, adequate notice has not been provided to Defendants of the plaintiff's claim or the grounds upon which it rests.

    5.   In addition, the Civil Cover Sheet filed with Plaintiff's complaint indicates that there is a related case in family court in New Jersey.  If Plaintiff is seeking relief from an order entered in New Jersey family court, this Court would lack subject matter jurisdiction under the Rooker-Feldman doctrine to hear her claims.  See Forchion v. State of New

Jersey, No. 06-623 (JBS), slip op., 2007 WL 2248112 (D.N.J. Aug. 1, 2007).

    6. For all these reasons, the Court shall grant the motion for a more definite statement and deny the motion to dismiss the Complaint. Consistent with Federal Rules of Civil Procedure 8(a) and 12(e), Plaintiff shall file an Amended Complaint within fifteen days that sets forth a short and plain statement of the grounds upon which this Court may exercise its jurisdiction over this case and a short and plain statement of her claim showing that she is entitled to relief from the named Defendants. Plaintiff's statement of her claim must describe her relationship to the children to whom she refers, what interactions she or they had with defendants that causes her to bring this case, and, as best she can, the legal bases for her action. Plaintiff must describe the incidents at issue with enough detail that Defendants can gain some understanding of what she is alleging they did or failed to do. An appropriate Order shall be entered.

**Sept. 12, 2007**          **s/ Jerome B. Simandle**
Date         Jerome B. Simandle
        U.S. District Judge